UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-CR-232 (EGS) |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| MAURICE JONES, and | : | VIOLATIONS: |
| GREGORY FLETCHER, | : | 18 U.S.C. § 1951 |
| | : | (Interference with Interstate Commerce |
| Defendants. | : | by Robbery) |
| | : | 18 U.S.C. § 924(c)(1) |
| | : | (Using, Carrying, and Possessing a |
| | : | Firearm in Furtherance of a Crime of |
| | : | Violence) |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm |
| | : | by a Person Convicted of a Crime |
| | : | Punishable by Imprisonment for a Term |
| | : | Exceeding One Year) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 981(a)(1)(C); |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); |
| | : | and 28 U.S.C. § 2461(c) |

INDICTMENT

The Grand Jury charges that:

COUNT ONE

On or about June 29, 2019, in the District of Columbia, **MAURICE JONES** and

**GREGORY FLETCHER**, did unlawfully obstruct, delay and affect, and attempt to obstruct,

delay and affect, commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of

articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. §

1951, by unlawfully taking U.S. currency belonging to "Philz Coffee," from the presence of an

agent, by means of actual and threatened force, violence, and fear of injury, while the agent was

engaged in commercial activities for "Philz Coffee," a business that was engaged in and that affects

interstate commerce.

**(Interference with Interstate Commerce By Robbery**, in violation of Title 18, United
States Code, Section 1951)

## COUNT TWO

On or about June 29, 2019, within the District of Columbia, **MAURICE JONES** and

**GREGORY FLETCHER**, did unlawfully and knowingly use, and carry during and in relation

to, and possess in furtherance of, a crime of violence, for which they may be prosecuted in a court

of the United States, that is Count One of this Indictment, which is incorporated herein, a firearm,

and did aid and abet the use, carrying and possession of the firearm, which was brandished.

**(Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence
and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)
and 2)

## COUNT THREE

On or about June 29, 2019, within the District of Columbia, **GREGORY FLETCHER**,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, in

the State of Maryland, Circuit Court for Montgomery County, Criminal Case No. 105125C, in the

Circuit Court for Anne Arundel County, Criminal Case No. 02K06001165, and the Superior Court

for the District of Columbia, Criminal Case Nos. 1996-FEL-2148 and 1991-FEL-10111, did

unlawfully and knowingly receive and possess a firearm, which had been possessed, shipped and

transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by
Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States
Code, Section 922(g)(1))

2

## FORFEITURE ALLEGATIONS

1.      Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will only seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2.      Upon conviction of the offenses alleged in Counts Two and Three, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be divided without difficulty;

3

the defendants shall forfeit to the United States any other property of the defendants, up to the

value of the property described above, pursuant to 21 U.S.C. § 853(p).

> (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461)

A TRUE BILL:

FOREPERSON.

*Jessie K. Liu*

Attorney of the United States in
and for the District of Columbia

4